# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CARLOS EUGENE WIGGINS,

        Petitioner,

-vs-                              Case No.  8:03-CV-1345-T-27TBM

MR. GLADISH, et al.,

        Respondents.

_____/

## ORDER

Petitioner, a State of Florida inmate, initiated this proceeding *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 1998 convictions for resisting arrest without violence, resisting arrest with violence (2 counts), battery on a law enforcement officer (2 counts), and possession of drug paraphernalia entered by the Tenth Judicial Circuit Court, Polk County, Florida (Dkt. 1). Respondent has filed a response to the petition (Dkt. 5), and Petitioner has filed a reply thereto (Dkt.11). The matter is now before the Court for consideration of the merits of the petition.

### Background

Petitioner was charged by a seven-count Indictment with resisting arrest without violence, resisting arrest with violence (2 counts), battery on a law enforcement officer (2 counts), possession of cocaine, and possession of drug paraphernalia (Dkt. 5, Ex. 1 at R. 5).  The State filed a Notice of Intent to seek sentencing as an habitual offender (Dkt. 5, Ex. 1 at R. 21) .  Represented by court-appointed counsel, Petitioner proceeded to a trial by jury on May 27, 1998.  Following the jury's verdict of guilty, Petitioner was sentenced to a term of five years (Dkt. 5, Ex. 1 at R. 152-154).

Petitioner raised the following two grounds for relief on direct appeal:

1.   Whether Petitioner's providing false identities obstructed or opposed the deputy in the execution of any legal duty; and

2.   Whether the State established a prima facie case with regards to the charge of resisting an officer without violence.

(Dkt. 5, Ex. 002 at 7).  Petitioner's convictions were affirmed on direct appeal on December 10, 1999 (Dkt. 5, Ex. 004), with the mandate issuing on December 29, 1999 (Dkt. 5, Ex. 005). *See Wiggins v. State*, 748 So.2d 278 9Fla. 2d DCA 1999 (table decision).

Petitioner filed a state application for post-conviction pursuant to Fla. R. Crim. P. 3.850 on May 30, 2000, raising the following claims that trial counsel was ineffective in failing to:

1.   Object to the jury not being sworn prior to voir dire examination

2.   Properly conduct voir dire;

3.   Interview or call witnesses;

4.   Object to Petitioner's conviction for two counts of resisting arrest with violence;

5.   Object to the line of questioning of the Petitioner during cross-examination

(Dkt. 5, Ex. 007 at R. 65-72).

Having denied Petitioner' Rule 3.850 motion in part (Dkt. 5, Ex. 007 at R. 95-98), the trial court held an evidentiary hearing on June 21, 2001.  Petitioner's Rule 3.850 motion was denied on August 8, 2001 (Dkt. 5, Ex. 007 at R. 207-211).  The state district court affirmed the trial court's decision on December 10, 2002 (Dkt. 5, Ex. 010), with the mandate issuing on January 3, 2003 (Dkt. 5, Ex. 011).  *See Wiggins v. State*, 835 So.2d 1135 (Fla. 2d DCA 2002).

In his request for federal habeas relief, Petitioner asserts that the state post-conviction court erred in denying his claim that trial counsel was ineffective in failing to :

1.  Object to the jury not being sworn prior to voir dire

2.  Interview, depose, or call eye witnesses;

3.  Object to Petitioner's "two" convictions of resisting arrest with violence; and

4.  Object to the prosecutor establishing on cross-examination that Petitioner was on probation.

Dkt. 1.  Respondent argues that Petitioner has failed to establish that he meets the criteria for relief § 2254(d)-(e).   Having reviewed the record, the parties arguments, applicable statutes, and controlling case law, this Court agrees.

### Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996,  "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

-3-

> (2)   resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented  in
> the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dep't of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

## Discussion

Since Petitioner's conviction was entered after the AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the issues raised in the petition, § 2254(d) governs the review of Petitioner's claim. *See Mobley v. Head,* 267 F.3d 1312, 1316 (11th Cir. 2001).

In each of his four claims for relief, Petitioner asserts that his right to effective assistance of counsel was violated. To establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms.  *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  "[T]he issue is not what is possible or

'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)).

As set forth below, in rejecting Petitioner's claim on the merits, the trial court applied the *Strickland* standard of review for ineffective assistance of counsel claims, 466 U.S. at 687. Thus, to establish that he is entitled to relief on these claims, Petitioner must establish that the trial court incorrectly applied the *Strickland* standard in reaching its determination that these claims lack merit. *See Parker v. Sec. for Dep't of Corrs.*, 331 F.3d 764, 766 (11th Cir. 2003), *cert. denied*, 540 U.S. 1222 (2004).

**GROUNDS ONE AND FOUR**

In his reply, Petitioner concedes that he is not entitled to relief on ground one asserting ineffective assistance of counsel relating to the jury not being sworn during voir dire and ground four asserting ineffective assistance of counsel relating to his trial attorney's alleged failure to object to the prosecutor establishing that Petitioner was on probation at the time of the underlying offenses. Accordingly, because Petitioner concedes that these claims lack merit, the Court need not address Grounds One and Four and they are dismissed with prejudice.

**GROUND TWO**

In the second claim of his petition, Petitioner argues his attorney was ineffective in failing to interview, depose or call Edward Richard Jones as a witness at trial. Respondent asserts that Petitioner has abandoned or waived this claim because he did not present the issue on collateral appeal. Contrary to Respondent's assertion, a review of the record

clearly demonstrates that Petitioner did present this issue in his 3.850 motion and on collateral appeal.[1]  Accordingly, this claim is properly before the Court.

The gravamen of Petitioner's claim is that Jones's testimony would have cast doubt on the testimony of the police officer witnesses and prevented Petitioner from being presented to the jury as a convicted felon.  Petitioner further contends that Jones would have testified that the arresting officers used excessive force.[2]

An evidentiary hearing was held on Petitioner's 3.850 claim relating to his attorney's failure to call Jones as a witness.  The trial court entered a written order finding as follows:

> Testimony during the hearing showed that Defendant was convicted of resisting officer without violence, resisting officer with violence, and battery.  Without reaching the conclusion that counsel was ineffective for failing to call Mr. Jones during the trial, the Court finds that Defendant has failed to satisfy the second prong of Strickland, specifically prejudice.  Defendant and his witness, Mr. Jones, both testified and described the events surrounding his offenses in this case.  Both testified that Defendant was pulling away from the police officers and struggling, but that no punches were thrown.  Even taking this testimony as the absolute truth, this would not have changed the outcome of Defendant's trial.  He would still have been convicted of the charges, as his own self-described actions would be enough to satisfy the statutory requirements of the offenses for which he was sentenced.  The Court notes that Defendant testified during his trail [sic] and gave in essence the same descriptive narration of the altercation with the police officers.  The jury must have been swayed by his original testimony as he was convicted of the lesser included battery instead of battery on a law enforcement officer.  This still does not convince the court that the outcome would have been different.

(Dkt. 5, Ex. 7, Order on Motion for PostConviction [sic] Relief, at 3).

The record supports the trial court's findings.  Petitioner testified that he provided false names and birth dates to Deputy Horstman at the scene of the traffic stop (Dkt. 5, Ex.

---

[1] In support of its response, Respondent submitted a partial copy of Petitioner's brief filed in his appeal of the denial of his 3.850 motion (Dkt. 5, Ex. 008).  In that brief, Petitioner clearly raises the issue of the trial court's denial of his claim of ineffective assistance of counsel by his attorney for failing to call witness Jones (Dkt. 5, Ex. 8, R23-29).  Thus, Respondent's argument that Petitioner has waived or abandoned this claim because he did not pursue it on collateral appeal is belied by Respondent's own submissions.

[2] Petitioner does not raise any claim relating to excessive use of force by the arresting officers and the court does not construe this claim as such.

1, Vol. III at 226-228).   Horstman advised Petitioner that he was going to arrest him. Petitioner testified that Deputy Horstman "bent" Petitioner's wrist as he was attempting to handcuff him while Deputy Bailey held Petitioner's other arm.  Petitioner pulled  away from both officers (Dkt. 5, Ex. 1, Vol. III at 229, 232).   Petitioner further testified that after he pulled away, Deputy Bailey grabbed him from behind.   Petitioner testified that he then struggled with Deputy Bailey, that he slipped away from Deputy Bailey and started running. Deputies Horstman and Bailey then held Petitioner by his shirt.  According to Petitioner, he pulled his shirt off and both officers fell to the ground.  Petitioner then attempted to flee again.   Deputies Hortsman and Bailey again subdued Petitioner and he was handcuffed (Dkt, 5, Ex. 1, Vol. III at 243).

At the evidentiary hearing, Jones testified that Petitioner tried to pull away from the officers and that the officers were trying to subdue Petitioner and put him on the ground to place him under arrest (Dkt. 5, Ex. 7 at 111-112).   Jones described the Petitioner pulling away from the officers and breaking free during their attempt to arrest him.   Petitioner's testimony at the evidentiary hearing corroborated Jones's version of events.   Petitioner testified that he provided a false name at the scene of the traffic stop.   He testified that Horstman advised him he was under arrest and bent his wrist behind his back to handcuff him (Dkt. 5, Ex. 7 at 132).  Petitioner further testified that he pulled away from Horstman's grasp and that he struggled with the officers, twice escaping their grasps (Dkt. 5, Ex. 7 at 133).

The state trial court's decision that Petitioner failed to establish the prejudice prong of Strickland is amply supported by the record.  Petitioner has not demonstrated, nor does his federal habeas petition even assert, that the outcome of his trial would have been different had Jones testified at trial.  Even assuming, *arguendo*, that such alleged failure

by counsel to pursue the strategy Petitioner describes could somehow amount to deficient performance, Petitioner has made no showing that such actions prejudiced him in any way. Rather, he vaguely contends that Jones's testimony would simply have "cast doubt" on the testimony of Horstman and Bailey.  Petitioner's claim is conclusory at best and lacks any explanation as to how his attorney's failure to call Jones as a witness prejudiced his trial or that the outcome of the trial would have been different. *See Strickland* 466 U.S. at 694. Petitioner has failed to establish that the trial court's finding that he failed to meet *Strickland'* s two-prong test is contrary to or an unreasonable application of clearly established federal law or resulted in a decision that is based on an unreasonable determination of the facts.  Accordingly, Petitioner is not entitled to habeas relief on this claim.

As to Petitioner's second contention in Ground Two that Jones's testimony would have prevented Petitioner from being presented to the jury as a convicted felon, this claim is meritless.  Petitioner testified at trial on direct examination that he was a convicted felon (Dkt. 5, Ex. 1, Vol. III at 228-229).[3]  He fails to explain how having Jones testify would have

---

[3] Specifically, Petitioner testified as follows:

Trial counsel: Mr. Wiggins, there was something I meant to cover at the beginning of direct examination.  Are you a convicted felon, sir?

Petitioner: Yes.  I have been convicted of a felony, five felonies.

Trial counsel: Five felonies?

Petitioner: And one misdemeanor.

Trial counsel: Mr. Wiggins, are you sure it's not six?

Petitioner: It could be six.

Trial counsel: Okay.

Petitioner: But I think it's five felonies and one misdemeanor.  I'm not sure but I have been convicted of felony charges.

(continued...)

-8-

prevented the jury from becoming aware of his prior convictions through his own admission on the witness stand during direct examination.   Petitioner does not contend or even suggest that had Jones testified, he would not have taken the stand or that  evidence of his prior convictions would not otherwise have been presented to the jury.  As such, Petitioner has failed to demonstrate with any specificity or evidentiary support other than his own speculation how Jones's omission as a witness prejudiced his trial.  Accordingly, he is not entitled to relief on this claim.

**GROUND THREE**

Petitioner asserts that trial counsel was ineffective in failing to object to his two convictions of resisting arrest with violence.  He contends that he cannot be convicted of two counts of resisting arrest with violence in the course of one criminal episode or continuous arrest and that his convictions for these two counts amounts to double jeopardy.

When Petitioner presented this claim in his 3.850 motion, he premised his claim on the holding in *Wallace v. State*, 724 So.2d 1176 (Fla. 1998).  In *Wallace*, the Supreme Court of Florida held that the defendant could be convicted of only one count of resisting an officer with violence based on his altercation with two police officers where defendant's altercations with each officer were in the course of his continuous resistance to an ongoing attempt to arrest him.  *Id.*  In its order on Petitioner's motion for post-conviction relief, the state court noted that the Fifth District Court of Appeal has held that the "'Florida Supreme Court's decision in *Wallace*, that offenders can be convicted on only one count of resisting an officer with violence based on one continuing episode, does not apply retroactively in

---

[3](...continued)
(Dkt. 1, Ex. 5, Vol. III, at 228-229).

post-conviction proceedings.'" (Dkt. 5, Ex. 7 at 76 *quoting State v. Oehling*, 750 So.2d 109 (Fla. 5th DCA 1999)). Accordingly, the state court directed the State to file a response because the court was unable to conclusively refute Defendant's allegations (Dkt. 5, Ex. 7 at 76).

In its response to the show cause order, the State argued that Petitioner's reliance on *Wallace* was misplaced as he was convicted on May 27, 1998 and *Wallace* was not decided until December 10, 1998. Relying upon the *Oehling* decision and its prohibition against retroactive application of *Wallace*, the State asserted that trial counsel was not ineffective for not anticipating changes in the law. In its order granting an evidentiary hearing on Petitioner's claim of ineffective assistance of counsel relating to his attorney's failure to call Jones as a witness at trial discussed *supra*, the state court, relying on the *Oehling* decision and the fact that Petitioner was convicted approximately six months prior to the *Wallace* decision, denied relief on this claim of Petitioner's 3.850 motion. The state district court affirmed the trial court's decision in a per curiam decision entered on December 6, 2002 without written opinion (Dkt. 5, Ex. 11).

As a threshold matter, the Court notes that Petitioner's double jeopardy claim is presented solely under the guise of an ineffective assistance of counsel claim. He does not raise this issue as a free-standing constitutional claim.[4] *See Aird v. United States*, 339 F.Supp.2d 1305, 1312 (S.D. Ala. 2004). The essence of Petitioner's claim is that his attorney was ineffective in failing to object to his conviction for two counts of resisting arrest. In his reply, Petitioner relies upon the *Wallace* decision to support his argument that "the trial court's adjudication of the claim resulted in a decision that was based on an

---

[4] To the extent that Petitioner asserts in his reply that this claim somehow implicates the Eighth Amendment and due process, the Court notes that he provides no factual support for his contentions and does not present those dimensions of his claim as an independent basis for relief.

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." (Dkt. 11 at 3).

Petitioner's reliance on *Wallace* is misplaced. Ostensibly, Petitioner is arguing that his trial attorney was ineffective for failing to advocate or argue for application of a rule of law that was not in effect at the time of his conviction. Petitioner was convicted on May 27, 1998; the decision in *Wallace* announcing the Supreme Court of Florida's ruling that a defendant could be convicted of only one count of resisting arrest with violence irrespective of the number of police officers involved in an altercation, a scenario substantially factually analogous to Petitioner's underlying criminal case, was not decided until December 10, 1998. As such, it appears that Petitioner asserts that his attorney was deficient in failing to make a prospective argument based on an anticipated change in the law. Based on binding precedent in the Eleventh Circuit, Petitioner is not entitled to relief on such a claim.

In *United States v. Ardley*, the Eleventh Circuit clearly stated in "this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel." 273 F.3d 991, 993 (11th Cir. 2001) (*quoting Spaziano v. Singletary*, 36 F.3 1028, 1039 (11th Cir. 1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'") (internal citations omitted); *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997) ( "[i]t was not professionally deficient for [counsel] to fail to anticipate that the law in Florida would be changed in the future to bar the admission of hypnotically induced testimony."); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n. 8 (11th Cir. 1986) ("defendants are not entitled to an attorney capable of foreseeing the future development of constitutional law.")). This rule

is applicable even if the claim based upon anticipated changes in the law was reasonably available at the time the attorney failed to raise it.  *See Ardley*, 273 F.3d at 993.

Trial attorneys are not required to be clairvoyant to effectively represent criminal defendants.  There is no evidence before the Court nor does Petitioner even vaguely assert that his trial attorney knew or should have known that the decision in *Wallace* was forthcoming or that its potential holding would have any bearing whatsoever on Petitioner's convictions entered some six months before that decision was issued.[5]  Accordingly, the Court finds that Petitioner is not entitled to relief on this claim.

## Conclusion

For the foregoing reasons, the Court determines that Petitioner has not met the criteria for relief under 28 U.S.C. § 2254.

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on *September 26th*, 2006.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that Petitioner raises this claim of ineffective assistance of counsel against his trial attorney only and not against his appellate attorney.

-12-